**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | |
| Plaintiff-Applicant, | Adv. Pro. No. 08-01789 (SMB) |
| v. | SIPA LIQUIDATION |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | (Substantively Consolidated) |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | |
| Plaintiff, | Adv. Pro. No. 10-04658 (SMB) |
| v. | No. 17 Civ. 5162 (GBD) |
| CAROL NELSON, | |
| Defendant, | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | |
| Plaintiff, | Adv. Pro. No. 10-04377 (SMB) |
| v. | No. 17 Civ. 5163 (GBD) |
| CAROL NELSON, individually and as joint tenant; and STANLEY NELSON, individually and as joint tenant, | |
| Defendants. | |

IRVING H. PICARD, Trustee for the Substantively
Consolidated SIPA Liquidation of Bernard L.
Madoff Investment Securities LLC and Bernard L.
Madoff,

          Plaintiff,

    v.

HELENE SAREN-LAWRENCE ,

        Defendant.

Adv. Pro. No.  10-04898  (SMB)

No. 17 Civ. 5157 (GBD)

## MEMORANDUM OF LAW OF THE
## SECURITIES INVESTOR PROTECTION CORPORATION
## IN OPPOSITION TO DEFENDANTS' MOTION
## FOR RECONSIDERATION AND, ALTERNATIVELY, TO CERTIFY
## AN INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)

SECURITIES INVESTOR PROTECTION
CORPORATION
1667 K St., NW, Suite 1000
Washington, D.C. 20006
Telephone:  (202) 371-8300
JOSEPHINE WANG
General Counsel
KEVIN H. BELL
Senior Associate General Counsel for
Dispute Resolution
NATHANAEL S. KELLEY
Associate General Counsel

## <u>TABLE OF CONTENTS</u>

<u>PAGE</u>

THE REQUEST FOR RECONSIDERATION .....................................................................2

    I.      The Standard for Reconsidering an Order .................................................2

    II.     The *MTWR Decision* Did Not Contain an Error, as the Movants' Claims
             Are Still Pending ..........................................................................................3

    III.    The *MTWR Decision* Followed Clear Precedent and Did Not Overlook the
             Movants' Legal Arguments .........................................................................5

          A.  The determination of customer claims and recovery of
                customer property in the BLMIS liquidation .................................6

          B.  The Movants' claims and the related Avoidance Actions .................8

THE REQUEST FOR CERTIFICATION FOR AN INTERLOCUTORY APPEAL..................11

    IV.    The Standard for Certifying an Order for an Interlocutory Appeal .....................11

    V.     The *MTWR Decision* Does Not Warrant an Interlocutory Appeal .......................12

          A.  The Movants cannot identify a substantial ground for a
                difference of opinion .....................................................................12

          B.  An interlocutory appeal would hinder, not advance,
                the termination of the litigation ..................................................13

CONCLUSION..........................................................................................................15

## **TABLE OF AUTHORITIES**

**CASES:**                                                                                                    **PAGE**

*Am. Tel. & Tel. Co. v. N. Am. Indus. of New York, Inc.,*
    783 F. Supp. 810 (S.D.N.Y. 1992)...................................................................................12

*Analytical Surveys, Inc. v. Tonga Partners, L.P.,* 684 F.3d 36 (2d Cir. 2012)...............................3

*In re Bernard L. Madoff Inv. Sec. LLC,* 654 F.3d 229, (2d Cir. 2011)
    *cert. dismissed,* 566 U.S. 1032 (2012), and *cert. denied,* 567 U.S. 934 (2012)....... 4-5, 7, 8

*C.D.S., Inc. v. Bradley Zetler, CDS, LLC,* 213 F. Supp. 3d 620 (S.D.N.Y. 2016) .........................3

*Caleb & Co. v. E.I. DuPont De Nemours & Co.,* 624 F. Supp. 747 (S.D.N.Y. 1985) ...................3

*DiCola v. Am. Steamship Owners Mut. Protection & Indem. Assoc., Inc.*
    *(In re Prudential Lines, Inc.),* 59 F.3d 327 (2d Cir. 1995) ......................................... 11-12

*Exchange National Bank of Chicago v. Wyatt,* 517 F.2d 453 (2d Cir. 1975)..................................6

*German by German v. Fed. Home Loan Mortgage Corp.,*
    896 F. Supp. 1385 (S.D.N.Y. 1995).................................................................................11

*Glob. Reinsurance Corp. of Am. v. Century Indem. Co.,* No. 13 CIV. 06577 LGS,
    2015 WL 1782206 (S.D.N.Y. Apr. 15, 2015).....................................................................3

*Granfinanciera v. Norberg,* 492 U.S. 33 (1989)....................................................................9, 13

*Koehler v. Bank of Bermuda Ltd.,* 101 F.3d 863 (2d Cir. 1996). ..................................................11

*Langenkamp v. Culp,* 498 U.S. 42 (1990)..............................................................................9, 13

*Local 836 of United Auto. Aerospace & Agr. Implement Workers of Am. (UAW) v.*
    *Echlin, Inc.,* 670 F. Supp. 697 (E.D. Mich. 1986) .............................................................14

*National Union Fire Insurance Co. of Pittsburgh, Pa. v. Camp*
    *(In re Government Securities Corp.*), 972 F.2d 328 (11th Cir. 1992) .................................6

*Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.),*
    4 F.3d 1095 (2d Cir. 1993), *cert. dismissed,* 511 U.S. 1026 (1994)..................................10

*In re Oxford Health Plans, Inc.,* 182 F.R.D. 51 (S.D.N.Y.1998) ..................................................13

*Picard v. Katz,* 466 B.R. 208 (S.D.N.Y. 2012)...........................................................................11

## **TABLE OF AUTHORITIES**

**CASES:**                                                                              **PAGE**

*Picard v. Saren-Lawrence*, No. 17 Civ. 5157, 2018 WL 2383141
    (S.D.N.Y. May 15, 2018)...................................................................................1, 9, 10

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
    476 B.R. 715 (S.D.N.Y. 2012), *supplemented* (May 15, 2012),
    *aff'd sub nom. In re Bernard L. Madoff Inv. Sec. LLC*, 773 F.3d 411 (2d Cir. 2014).....7, 8

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
    490 B.R. 46 (S.D.N.Y. 2013)...........................................................................................13

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
    499 B.R. 416 (S.D.N.Y. 2013), *certification for interlocutory appeal denied*,
    987 F. Supp. 2d 309 (S.D.N.Y. 2013)................................................................................8

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
    987 F. Supp. 2d 309 (S.D.N.Y. 2013)..............................................................................12

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 513 B.R. 437 (S.D.N.Y. 2014)........10

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 531 B.R. 439
    (Bankr. S.D.N.Y. 2015) ....................................................................................................7

*Shrader v. CSX Transp., Inc.*, 70 F.3d 255 (2d Cir. 1995) .......................................................2, 3

*Steinhardt v. Potter*, 326 F. Supp. 2d 449 (S.D.N.Y. 2004) ......................................................13

*Stern v. Marshall*, 564 U.S. 462 (2011) ......................................................................................9

*Sussman v. I.C. Sys., Inc.*, 2013 WL 5863664 (S.D.N.Y. Oct. 30, 2013).....................................11

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245 (2d Cir. 1992)...........................2

*Wausau Bus. Ins. Co. v. Turner Const. Co.*, 151 F. Supp. 2d 488 (S.D.N.Y. 2001) ...............12, 13

*Westwood Pharmaceuticals, Inc. v. National Fuel Gas Dist. Corp.*,
    964 F.2d 85 (2d Cir. 1992)...............................................................................................11

*Williston v. Eggleston*, 410 F. Supp. 2d 274 (S.D.N.Y. 2006) .....................................................12

# <u>TABLE OF AUTHORITIES</u>

**<u>STATUTES AND RULES:</u>**                                                            **<u>PAGE</u>**

Securities Investor Protection Act, as amended, 15 U.S.C. §

78eee(d)...............................................................................................................1
78fff(b).................................................................................................................6
78fff-1(a)..............................................................................................................6
78fff-2(b),.............................................................................................................6
78fff-2(c)..............................................................................................................8
78fff-2(c)(1)(B).................................................................................................6, 7
78fff-2(c)(3)......................................................................................................6, 8
78fff-3(a)..............................................................................................................4
78*lll*(11)...............................................................................................................4

United States Bankruptcy Code, as amended, 11 U.S.C. §

502(d).......................................................................................... 5-6, 8, 10, 13
547......................................................................................................................13
548.......................................................................................................6, 10, 13
548(a)(1)..............................................................................................................7
548(a)(1)(A).........................................................................................................8
548(c),..................................................................................................................7
550......................................................................................................................10
550(a)..............................................................................................................6, 8

28 U.S.C. §

1292(b)...........................................................................................11, 12, 13, 14

**<u>OTHER AUTHORITY:</u>**

18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4478 at 790 (2d ed.).......2

The trustee ("Trustee") for the substantively consolidated liquidation proceedings of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa–78*lll* ("SIPA"),[1] and Bernard L. Madoff ("Madoff"), brought the present actions (the "Avoidance Actions") to recover fictitious profits paid to Helene Saren-Lawrence ("Saren-Lawrence," Case No. 17-cv-05157), Carol Nelson ("Nelson," Case No. 17-cv-05162), and Carol Nelson and Stanley Nelson, individually and as joint tenants (the "Nelsons," Case No. 17-cv-05163; collectively the "Movants") in furtherance of the Ponzi scheme conducted through BLMIS. In the main liquidation, the Movants filed claims for these fictitious profits, which claims the Trustee denied. The Movants objected, and those objections remain pending and are subject to further litigation. The Movants now seek to bifurcate the determination of their claims objections from the Avoidance Actions by demanding a jury trial before this Court.

The Securities Investor Protection Corporation ("SIPC")[2] submits this memorandum of law in opposition to the motions (the "Motions") of the Movants for reconsideration or, alternatively, to certify an interlocutory appeal of this Court's decision and order dated May 15, 2018 (the "*MTWR Decision*")[3] denying their motions to withdraw the reference ("MTWRs") of their respective adversary proceedings from the United States Bankruptcy Court for this District ("Bankruptcy Court").

---

[1] For convenience, further references to SIPA shall omit "15 U.S.C."

[2] SIPC is a party-in-interest and a statutory intervenor in all liquidations under SIPA. *See* 15 U.S.C. § 78eee(d).

[3] *See Picard v. Saren-Lawrence*, No. 17 Civ. 5157 (GBD), 2018 WL 2383141 (S.D.N.Y. May 15, 2018).

The Movants seek to relitigate issues previously considered by this Court, and for the reasons stated in the *MTWR Decision* and SIPC's opposition to the MTWRs,[4] those arguments should be rejected again. Moreover, the Movants falsely assert that the Trustee misrepresented their objections as pending. Contrary to the Movants' representations in the Motions, their objections have not been expunged. Because the Motions do not identify any clear error or legal authority overlooked by the Court, the request for reconsideration should be denied. Moreover, where the Motions do not identify any substantial difference of opinion, and where the adversary proceedings are ready for trial, an interlocutory appeal of the *MTWR Decision* would only waste judicial resources and delay the termination of the adversary proceedings. Accordingly, the request for certification of an interlocutory appeal should be denied.

## THE REQUEST FOR RECONSIDERATION

### I.    The Standard for Reconsidering an Order

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4478 at 790 (2d ed.)).

"A court must narrowly construe and strictly apply Rule 6.3 so as to avoid duplicative rulings on previously considered issues and prevent Rule 6.3 from being used to advance

---

[4] *See Picard v. Saren-Lawrence*, No. 17 Civ. 5157 (GBD) (S.D.N.Y.), ECF No.15.

different theories not previously argued or as a substitute for appealing a final judgment." *C.D.S., Inc. v. Bradley Zetler, CDS, LLC*, 213 F. Supp. 3d 620, 626 (S.D.N.Y. 2016). Courts require a strict standard "to dissuade repetitive arguments on issues that have already been considered fully by the court." *Caleb & Co. v. E.I. DuPont De Nemours & Co.*, 624 F. Supp. 747, 748 (S.D.N.Y. 1985). "A motion for reconsideration is 'not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple.'" *Glob. Reinsurance Corp. of Am. v. Century Indem. Co.*, No. 13 CIV. 06577 LGS, 2015 WL 1782206, at *1 (S.D.N.Y. Apr. 15, 2015) (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)); *see also Shrader*, 70 F.3d at 257. ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.").

## II.    The *MTWR Decision* Did Not Contain an Error, as the Movants' Claims Are Still Pending

As the primary basis for reconsideration of the *MTWR Decision*, the Movants assert that the Trustee misrepresented, and the *MTWR Decision* erroneously relied upon, the pending status of their objections to the denials of their claims. The Movants assert that their claims were expunged by the Bankruptcy Court when it approved the Trustee's Net Investment Method and thus are no longer pending. The Movants' assertion is false.

Due to the nature of BLMIS's Ponzi scheme, where no trades were made and investor withdrawals were funded by deposits from new investors, the Trustee determined that the BLMIS account statements reflected fictitious securities positions and profits and thus could not be relied upon to establish a customer's claim. Instead, the Trustee processed all claims based upon the Net Investment Method. Under this method, the customers' net equity—that is, what customers were owed, calculated as the difference between what the broker owes the customer

and what the customer owes the broker, *see* SIPA § 78*lll*(11)—was the net amount deposited by the customers with BLMIS. For customers with a positive net equity—deemed "net losers," having deposited more than they withdrew—the Trustee allowed the claims for lost principal as ones for "securities," making each customer eligible for an advance from SIPC of up to $500,000, in addition to a pro rata share of "customer property" held by BLMIS or recovered by the Trustee. *See* SIPA § 78fff-3(a). Those investors who had a negative net equity—who withdrew more than they deposited—were deemed "net winners" and had no allowable customer claim.

Each of the Movants filed claims, each of which the Trustee denied under the Net Investment Method because no securities were purchased for their accounts, and they withdrew more from their accounts than they deposited, making them "net winners" who received other investors' money. [ECF No. 612, 646, 647, 648.][5] Each Movant then filed an objection to the Trustee's determination. [*Id.*]

The Trustee sought the Bankruptcy Court's approval of his Net Investment Method calculation. After briefing and argument, the Bankruptcy Court approved the use of the Net Investment Method (the "Net Equity Order").[6] On direct appeal, the Second Circuit affirmed the Net Equity Order, determining that the Net Investment Method was the method more consistent with the definition of "net equity" and with the legislative intent under SIPA to treat customers equally. *In re Bernard L. Madoff Inv. Sec. LLC*, 654 F.3d 229, 235 (2d Cir. 2011) ("*Net Equity*

---

[5] Unless otherwise noted, future ECF references are to the main liquidation proceeding for BLMIS, *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789-smb (Bankr. S.D.N.Y.).

[6] *See* Order (1) Upholding Trustee's Determination Denying Customer Claims For Amounts Listed On Last Customer Statement; (2) Affirming Trustee's Determination Of Net Equity; and (3) Expunging Those Objections With Respect To The Determinations Relating to Net Equity, *In re: Bernard L. Madoff*, No. 08-01789 (SMB) (Bankr. S.D.N.Y. March 8, 2010), ECF No. 2020.

*Decision*"), *cert. dismissed*, 566 U.S. 1032 (2012), and *cert. denied*, 567 U.S. 934 (2012).

While the Net Equity Order did expunge certain objections to the Trustee's Net Investment Method to the extent that the objections related solely to the Net Investment Method, those objections were specifically identified by the Trustee in his moving papers. [*See* Net Equity Order, ECF No. 2020, at 3.][7] The Movants' objections were not listed in the Trustee's moving papers, and thus the Bankruptcy Court did not expunge the Movants' objections in its Net Equity Order. To date, the Movants' objections have not been expunged, and the *MTWR Decision* correctly relied upon the fact that the Movants' objections remain pending. There is no clear error in the *MTWR Decision*'s reliance upon the Trustee's representation.

## III.   The *MTWR Decision* Followed Clear Precedent and Did Not Overlook the Movants' Legal Arguments

Because the Movants falsely claim that their objections are expunged and no longer pending, the rest of the Movants' arguments are misdirected towards arguments regarding a motion to withdraw the reference in the absence of a pending claim. These arguments are inapposite. Any remaining arguments only relitigate issues decided by the *MTWR Decision*. They were not overlooked and should not be reconsidered. Once again, the Movants are asking this Court to bifurcate the determination of what the debtor owes the claimant and what the claimant owes the debtor, creating duplication, wasting time and judicial resources, and undermining the order of claims imposed by Bankruptcy Code section 502(d). 11 U.S.C.

---

[7] *See* Trustee's Motion for an Order Upholding Trustee's Determination Denying Customer Claims' For Amounts Listed on Last Statement, Affirming Trustee's Determination of Net Equity and Expunging Those Objections With Respect to The Determinations Relating to Net Equity, *In re: Bernard L. Madoff*, No. 08-01789 (SMB) (Bankr. S.D.N.Y. Oct. 16, 2009), ECF No. 524. Exhibit A to the Trustee's Net Equity Motion was filed separately. *See* Exhibit A: Description of Net Equity Claimants, *In re: Bernard L. Madoff*, No. 08-01789 (SMB) (Bankr. S.D.N.Y. Oct. 19, 2009), ECF No. 530.

§ 502(d). The determination of what the Debtor owes the Movants is clearly within the purview and expertise of the Bankruptcy Court. No less so is the determination of what the Movants owe the Debtor on the basis of the same issues and transactions. As the Second Circuit observed in a prior SIPA liquidation:

> This is the kind of business for which bankruptcy judges have developed special expertness and administrative skills and which Congress did not intend to dump on already overburdened district courts without needed clerical and other facilities.

*Exchange National Bank of Chicago v. Wyatt*, 517 F.2d 453, 458 (2d Cir. 1975).

### A. The determination of customer claims and recovery of customer property in the BLMIS liquidation

Under SIPA section 78fff(b), to the extent consistent with SIPA, a SIPA liquidation proceeding is to be conducted 1) "in accordance with" and 2) "as though it were being conducted under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11." In order for the SIPA liquidation to be conducted "in accordance with" Title 11 (the "Bankruptcy Code"), including sections 502(d), 548, and 550(a), must be held to apply in a SIPA liquidation. *Cf.*, *National Union Fire Insurance Co. of Pittsburgh, Pa. v. Camp (In re Government Securities Corp.)*, 972 F.2d 328, 330-31 (11th Cir. 1992). SIPA section 78fff-1(a) specifies that the SIPA Trustee is "vested with the same powers and title with respect to the debtor and the property of the debtor . . . as a trustee in a case under title 11."

Of primary importance, a SIPA trustee must determine claims for customer protection and distribute customer property, SIPA § 78fff-2(b), and, where customer property is insufficient to satisfy claims, the trustee may recover transfers of customer property to the extent they are avoidable under the Bankruptcy Code. SIPA § 78fff-2(c)(3). Such recoveries become "customer property" for pro rata distribution to all customers with allowed claims. *See* SIPA §§ 78fff-2(c)(1)(B), 78fff-2(c)(3). As noted by the Second Circuit, "customers share 'ratably' in customer

property on the basis of their 'net equity,' [SIPA] § 78fff-2(c)(1)(B); . . . [and] the main purpose of determining 'net equity' is to achieve a fair allocation of the available resources among the customers." *Net Equity Decision*, 654 F.3d at 240.

Under Section 548(a)(1) of the Bankruptcy Code, the Trustee may avoid an actually fraudulent transfer that was made within two years of the filing date. 11 U.S.C. § 548(a)(1). Given that BLMIS operated as a Ponzi scheme, "all transfers made in furtherance of that Ponzi scheme are presumed to have been made with fraudulent intent." *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 531 B.R. 439, 471 (Bankr. S.D.N.Y. 2015).

Once voidability of a fraudulent transfer made within the Two-Year Period has been determined under Section 548(a)(1), however, the transferee may, under Section 548(c), retain a voidable fraudulent transfer to the extent that the transferee took the transfer for value and in good faith. 11 U.S.C. § 548(c). Where a transferee received fraudulent transfers in good faith, the sole question is whether the transferee provided value in exchange for the fraudulent transfers. In addressing the question of value, this Court held that "transfers from Madoff Securities to defendants that exceeded the return of defendants' principal, *i.e.,* that constituted profits, were not 'for value.'" *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 476 B.R. 715, 725 (S.D.N.Y. 2012) ("*Greiff*"), *supplemented* (May 15, 2012), *aff'd sub nom. In re Bernard L. Madoff Inv. Sec. LLC*, 773 F.3d 411 (2d Cir. 2014).

To determine the value provided by a transferee to BLMIS, the Trustee applied the Net Investment Method—the same method for determining a customer's net equity for claims. The Trustee's approach to valuation under Section 548(c) was approved by this Court. *Greiff*, 476 B.R. at 729. In affirming the Trustee's calculations, the Court highlighted the harmony between

the net equity calculation for the determination of claims and the calculation for determining a transferee's liability for receipt of false profits:

> SIPA mandates the equitable treatment of all customers, which the Net Investment Method supports, as SIPA prioritizes the pro rata distribution of "customer property on the basis and to the extent of their respective net equities." 15 U.S.C. § 78fff-2(c); *see also Greiff,* 476 B.R. at 727 ("SIPA specifically connects its priority system to its incorporation of the fraudulent transfer provisions...."). Indeed, this approach harmonizes the avoidance and recovery scheme with the Second Circuit's decision upholding the Trustee's net-equity calculation, even if the issue of the scope of the Trustee's avoidance power was not explicitly before the Second Circuit in that case. *See In re Bernard L. Madoff Inv. Sec. LLC,* 654 F.3d at 242 n. 10 ("[I]n the context of *this* Ponzi scheme[, ]the Net Investment Method is nonetheless more harmonious with provisions of the Bankruptcy Code that allow a trustee to avoid transfers made with the intent to defraud, and avoids placing some claims unfairly ahead of others." (internal quotation marks, brackets, and citations omitted)). For all of these reasons, the Court finds that the Net Investment Method is the better approach,

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC,* 499 B.R. 416, 428 (S.D.N.Y. 2013), *certification for interlocutory appeal denied,* 987 F. Supp. 2d 309 (S.D.N.Y. 2013); *see also id.* at 420 (recognizing that "a customer's net equity and the amounts sought in avoidance and recovery proceedings (assuming the customer's good faith) are two sides of the same coin.").

### B.  The Movants' claims and the related Avoidance Actions

The present Avoidance Actions seek to avoid and recover actually fraudulent transfers made to the Movants in the two years prior to the filing date in excess of the value the Movants provided to the Debtor, pursuant to Bankruptcy Code sections 548(a)(1)(A) and 550(a) and SIPA section 78fff-2(c)(3). The Trustee's calculation of value—and thus the Movants' liability—utilizes the same Net Investment Method and same legal theories which the Trustee used to deny the Movants' claims and which is currently being challenged by the Movants. By the Motions, the Movants dispute, again, whether determination of their claims would resolve the Avoidance Actions; they dispute the application of Bankruptcy Code section 502(d) to their claims; they dispute the Bankruptcy Court's jurisdiction to hear their claims; they demand that they have a

right to a jury trial; and they dispute whether the Bankruptcy Court should retain jurisdiction of core claims such as the Avoidance Actions. The *MTWR Decision* considered and rejected these arguments.

As this Court correctly held, the Movants' demand for a jury trial is without merit because they filed claims, the determination of which entails determination of the Avoidance Actions. *See MTWR Decision*, 2018 WL 2383141, at *3-4. By filing a claim in the BLMIS liquidation proceeding, the Movants submitted to the jurisdiction of the Bankruptcy Court for determination of the Avoidance Actions and cannot now argue that the Bankruptcy Court should not have equitable jurisdiction over it. *Id.* at *5; *see, e.g.*, *Stern v. Marshall*, 564 U.S. 462, 493–99 (2011) (examining whether adjudication of the creditor's proof of claim would necessarily resolve the debtor's counterclaim); *Langenkamp v. Culp*, 498 U.S. 42, 45 (1990) (per curiam) ("Respondents filed claims against the bankruptcy estate, thereby bringing themselves within the equitable jurisdiction of the Bankruptcy Court."); *Granfinanciera v. Norberg*, 492 U.S. 33, 58 (1989) (holding that by filing a proof of claim, a creditor submits himself to the equitable jurisdiction of the bankruptcy court).

Here, the Avoidance Actions are "garden variety" fraudulent transfer actions derived from the Bankruptcy Code that must be litigated in order to determine the Movants' proof of claims. The Movants' claims are for their "net equity" and their share of customer property. The Trustee's claims are for the customer property that the Movants' received in excess of their net equity. Any determination by the Bankruptcy Court of the Movants' claims would necessarily impact the Trustee's claims, and vice versa. As such, the Movants' filing of claims brings them within the jurisdiction of the Bankruptcy Court.

Moreover, the Movants' submission of claims means that, under Bankruptcy Code section 502(d), the Bankruptcy Court must first determine any avoidance claims brought by the Trustee before a customer claim can be satisfied. *See MTWR Decision*, 2018 WL 2383141, at *4. Bankruptcy Code section 502(d) provides that "the court *shall disallow any claim* of any entity from which property is recoverable under section . . . 550 . . . of this title or that is a transferee of a transfer avoidable under section . . . 548 . . . of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable." 11 U.S.C. § 502(d) (emphasis added). As the Court previously explained, "fundamentally, section 502(d) functions as an ordering provision. Its fundamental logic is that the estate should receive the property due to it before a liable creditor of the estate may obtain payment on its own claims." *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 513 B.R. 437, 444 (S.D.N.Y. 2014).

Finally, in considering a motion for permissive withdrawal of the reference, the Court properly considered whether the Avoidance Actions presented core or non-core claims. *See MTWR Decision*, 2018 WL 2383141, at *6. The Second Circuit has emphasized that the threshold question for permissive withdrawal, such as is at issue here, is whether a claim is core or non-core. *See Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1100-02 (2d Cir. 1993), *cert. dismissed*, 511 U.S. 1026 (1994) ("*Orion Pictures Corp.*"). In fact, determination of this question has a profound impact on the relevance of many of the factors often considered in connection with a motion for discretionary withdrawal, including, importantly, whether judicial efficiency is best served by withdrawal of the reference. *See*, *e.g.*, *Orion Pictures Corp.*, 4 F.3d at 1101 (explaining that "questions of efficiency and uniformity will turn" on whether a claim is core or non-core). Here, where the Bankruptcy Court

has established familiarity and proficiency with the underlying issues, judicial efficiency weighs in favor of the Bankruptcy Court retaining jurisdiction over the core-claim Avoidance Actions.

## THE REQUEST FOR CERTIFICATION FOR AN INTERLOCUTORY APPEAL

### IV.     The Standard for Certifying an Order for an Interlocutory Appeal

Under 28 U.S.C. § 1292(b), the Court of Appeals may entertain an appeal of an interlocutory order if the district court certifies that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Certification "is a rare exception to the final judgment rule that generally prohibits piecemeal appeals." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996). Accordingly, the Second Circuit has "urge[d] the district courts to exercise great care in making a § 1292(b) certification." *Westwood Pharmaceuticals, Inc. v. National Fuel Gas Dist. Corp.*, 964 F.2d 85, 89 (2d Cir. 1992). "[Certification] is not intended as a vehicle to provide early review of difficult rulings in hard cases." *German by German v. Fed. Home Loan Mortgage Corp.*, 896 F. Supp. 1385, 1398 (S.D.N.Y. 1995) (finding no substantial ground for difference of opinion). In fact, "a district judge has unfettered discretion to deny certification of an order for interlocutory appeal even when a party has demonstrated that the criteria of 28 U.S.C. § 1292(b) are met." *See Picard v. Katz*, 466 B.R. 208, 210 (S.D.N.Y. 2012) (internal quotations omitted).

The Defendants bear "the stringent 'burden of persuading the court . . . that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *Sussman v. I.C. Sys., Inc.*, 2013 WL 5863664, at *4 (S.D.N.Y. Oct. 30, 2013) (quoting *DiCola v. Am. Steamship Owners Mut. Protection & Indem. Assoc., Inc.*

*(In re Prudential Lines, Inc.),* 59 F.3d 327, 332 (2d Cir. 1995)); *see also Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 987 F. Supp. 2d 309, 311 (S.D.N.Y. 2013) ("The Second Circuit cautions that in applying these criteria, only exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of judgment." (internal quotation marks deleted)). "The district court must analyze the strength of the arguments in opposition to the challenged ruling, and determine whether there is 'substantial doubt' that the district court's order was correct." *Williston v. Eggleston*, 410 F. Supp. 2d 274, 277 (S.D.N.Y. 2006) (internal quotation marks omitted). "The benefit to the district court in avoiding an unnecessary trial must be weighed against the inefficiency of having the Court of Appeals hear multiple appeals in the same case." *Wausau Bus. Ins. Co. v. Turner Const. Co.*, 151 F. Supp. 2d 488, 492 (S.D.N.Y. 2001).

## V.     The *MTWR Decision* Does Not Warrant an Interlocutory Appeal

### A.  The Movants cannot identify a substantial ground for a difference of opinion

For certification to be appropriate, Defendants must present a "substantial ground for difference of opinion." 28 U.S.C. § 1292(b). "[T]he fact that the parties themselves disagree as to the interpretation of persuasive authority [does not] constitute 'a difference of opinion' sufficient to warrant certification." *Williston,* 410 F. Supp. 2d at 277; *Wausau Bus. Ins. Co.*, 151 F. Supp. 2d at 491 ("A mere claim that the district court's ruling was incorrect does not demonstrate a substantial ground for difference of opinion under the second element."). A "substantial conflict" does not exist simply because a party's position has not been "authoritatively addressed" or explicitly rejected. *Williston,* 410 F. Supp. 2d at 277; *see also Am. Tel. & Tel. Co. v. N. Am. Indus. of New York, Inc.,* 783 F. Supp. 810, 814 (S.D.N.Y. 1992).

Here, for the reasons discussed above, and in SIPC's opposition to the Movants'

MTWRs,[8] there is no substantial difference of opinion. The law is clear that that

> 'a creditor's right to a jury trial on a bankruptcy trustee's preference claim
> depends upon whether the creditor has submitted a claim against the estate.'…
> Respondents filed claims against the bankruptcy estate, thereby bringing
> themselves within the equitable jurisdiction of the Bankruptcy Court.
> Consequently, they were not entitled to a jury trial on the trustee's preference
> action.

*Langenkamp*, 498 U.S. at 45 (quoting *Granfinanciera*, 492 U.S. at 58). Where the Movants have

pending claims, and "where the Trustee has sought to disallow a claim under § 502(d), the

Bankruptcy Court will have to determine whether the claimant has received 'a transfer avoidable

under section . . . 547 [or] 548.'" *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 490

B.R. 46, 54 (S.D.N.Y. 2013). Numerous courts have held the same.[9] The Movants cannot

establish any likelihood of a different result on appeal, and any such appeal would only waste

judicial resources.

### B.  An interlocutory appeal would hinder, not advance, the termination of the litigation

"[I]n considering whether the third factor [whether interlocutory appeal would advance

the termination of the litigation] has been met, district courts should assess whether the appeal

'promises to advance the time for trial or shorten the time required for trial.'" *Wausau Bus. Ins.

Co.*, 151 F. Supp. 2d at 491 (quoting *In re Oxford Health Plans, Inc.,* 182 F.R.D. 51, 53

(S.D.N.Y.1998)). At an advanced stage of litigation, where the parties are ready for trial,

"applying section 1292(b) would not materially advance the termination of this litigation."

*Steinhardt v. Potter*, 326 F. Supp. 2d 449, 454 (S.D.N.Y. 2004). In *Steinhardt*, for example, the

Court held a month before the scheduled trial that an interlocutory appeal would not materially

advance the termination of the litigation. *Id.* To the contrary, granting an interlocutory appeal on

---

[8] *See Picard v. Saren-Lawrence*, No. 17 Civ. 5157 (GBD) (S.D.N.Y.), ECF No.15.

[9] *See Picard v. Saren-Lawrence*, No. 17 Civ. 5157 (GBD) (S.D.N.Y.), ECF No.15, at 15-16.

the eve of trial only causes further delays. "Section 1292(b) has been deemed inappropriate when the parties have completed discovery, are ready for trial, and where the case could be tried before the interlocutory appeal process could take place." *Local 836 of United Auto. Aerospace & Agr. Implement Workers of Am. (UAW) v. Echlin, Inc.*, 670 F. Supp. 697, 708 (E.D. Mich. 1986). So too here: discovery is complete and the parties are ready for trial. An interlocutory appeal of the Avoidance Actions would only extend the resolution of these cases far beyond the time necessary for completing a trial. Where the Movants cannot identify any substantial grounds for a difference of opinion, as they cannot here, such a delay would only cause injustice to the Trustee and to the customers whose principal is still in the hands of the Movants.

## <u>CONCLUSION</u>

For all of the aforementioned reasons, the Motions should be denied, and the Avoidance Actions should remain with the Bankruptcy Court for adjudication.


Dated: Washington, D.C.
      June 12, 2018

                                    Respectfully submitted,

                                    JOSEPHINE WANG
                                    General Counsel

                                    KEVIN H. BELL
                                    Senior Associate General Counsel for Dispute
                                    Resolution

                                    __*s/Nathanael S. Kelley*_____
                                    NATHANAEL S. KELLEY
                                    Associate General Counsel

                                    SECURITIES INVESTOR
                                       PROTECTION CORPORATION
                                    1667 K St., NW, Suite 1000
                                    Washington, D.C. 20006
                                    Telephone: (202) 371-8300
                                    E-mail: jwang@sipc.org
                                    E-mail: kbell@sipc.org
                                    E-mail: nkelley@sipc.org