UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
IRVING H. PICARD, *Trustee for the Liquidation of* :
*Bernard L. Madoff Investment Securities LLC*,      :
                                                    :
                          Plaintiff,                :           MEMORANDUM DECISION
                                                    :             AND ORDER
        -against-                                   :
                                                    :           17 Civ. 5157 (GBD)
HELENE SAREN-LAWRENCE, CAROL NELSON, :          17 Civ. 5162 (GBD)
*Individually and as Joint Tenant*, and STANLEY     :           17 Civ. 5163 (GBD)
NELSON, *Individually and as Joint Tenant*,         :
                                                    :
                          Defendants.               :
------------------------------------ x

GEORGE B. DANIELS, United States District Judge:

On May 15, 2018, this Court issued a Memorandum Decision and Order (the "Order," ECF No. 18[1]), denying the motions of Defendants Helene Saren-Lawrence, Carol Nelson, and Stanley Nelson to withdraw the reference to the Adversary Proceedings filed against them by Plaintiff Irving H. Picard in his capacity as trustee (the "Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the Chapter 7 estate of Bernard L. Madoff (collectively, the "BLMIS Estate"). Defendants move for reconsideration of the Order pursuant to Local Civil Rule 6.3 or, in the alternative, certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). (*See* ECF No. 20; *see also Picard v. Nelson*, No. 17 Civ. 5162 (GBD) (S.D.N.Y. May 29, 2018), ECF No. 17; *Picard v. Nelson*, No. 17 Civ. 5163 (GBD) (S.D.N.Y. May 29, 2018), ECF No. 18.[2]) Defendants' motions are DENIED.

---

[1] ECF numbers without a citation refer to the docket in *Picard v. Saren Lawrence*, No. 17 Civ. 5157 (GBD).

[2] All of the Defendants filed a joint memorandum of law in support of their motions for reconsideration, *see* Defs. Mem. in Supp. of Mot. for Reconsideration ("Mem."), ECF No. 21, at 1 n.1. Similarly, the Trustee and the Securities Investor Protection Corporation ("SIPC") each submitted a single memorandum in opposition to all three Defendants' motions. (*See* Trustee's Mem. in Opp'n ("Trustee's Opp'n"), ECF No. 24, at 1 & nn.3–4; Mem. of the Sec. Investor Prot. Corp. in Opp'n ("SIPC Opp'n"), ECF No. 23, at 1.)

## I. LEGAL STANDARDS FOR RECONSIDERATION

"The standards governing a motion for reconsideration under Local [Civil] Rule 6.3 are the same as those under Federal Rule of Civil Procedure 59(e)." *Cavounis v. United States*, No. 11 Crim. 297 (VEC), 2016 WL 715768, at *1 (S.D.N.Y. Feb. 19, 2016). The Second Circuit has "identified 'the need to correct a clear error or prevent manifest injustice' as a primary reason justifying reconsideration." *In re Fairfield Sentry Ltd.*, 690 F. App'x 761, 767 (2d Cir. 2017) (quoting *United States v. Tenzer*, 213 F.3d 34, 39 (2d Cir. 2000)). However, "the standard for granting such a motion is strict." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "To merit reconsideration, a movant must point to law or facts overlooked by the court in its initial ruling—'matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Black v. Diamond*, 163 F. App'x 58, 61 (2d Cir. 2006) (quoting *id.*). Motions for reconsideration "are not vehicles for taking a second bite at the apple," and "[a] party seeking reconsideration may neither repeat 'arguments already briefed, considered and decided,' nor 'advance new facts, issues or arguments not previously presented to the Court.'" *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014) (citations omitted), *aff'd sub nom. Lowinger v. Morgan Stanley & Co. LLC*, 841 F.3d 122 (2d Cir. 2016).

## II. RECONSIDERATION IS NOT WARRANTED

Defendants argue that this Court committed clear error by "belie[ving] the Trustee's representation that Defendants' SIPC claims are pending, unresolved, in the [B]ankruptcy [C]ourt" because "[t]hat representation was false and it would be . . . a manifest injustice not to correct th[is] Court's error." (Mem. at 19.) But Defendants' argument as to why the Trustee's representation

---

SIPC's memorandum is submitted pursuant to its statutory right to be heard on "all matters arising in a liquidation proceeding." 15 U.S.C. § 78eee(d); *see also* SIPC Opp'n at 1 n.2 (citing same). Defendants also filed a joint reply. (*See* Defs. Reply Mem. ("Reply"), ECF No. 26, at 1 n.1.)

2

was false—that "Defendants claims were fully and finally resolved" when the Supreme Court denied *certiorari* on the Second Circuit's "Net Equity Decision" (Mem. at 6 (citing *In re Bernard L. Madoff Inv. Sec. LLC*, 654 F.3d 229 (2d Cir. 2011), *cert. denied sub. nom Ryan v. Picard*, 567 U.S. 934 (2012), *and Velvel v. Picard*, 567 U.S. 934 (2012))—is one that Defendants raised in their original motions to withdraw the reference. (*See* Defs. Reply Mem. ("Prior Reply"), ECF No. 17, at 4–5 ("[Defendants] objections were resolved . . . when the Supreme Court denied a petition for *certiorari* challenging the Second Circuit's Net Equity Decision.").

Additionally, Defendants assert that their SIPC claims have been "formally withdrawn." (Reply at 7; *see also id.* at 2.) But Defendants did not file notices indicating their intent to withdraw their claims until after the Order had been issued, (*see* Withdrawal of SIPC Claim, Adv. Pro. No. 08-1789 (SMB) (Bankr. S.D.N.Y. June 18, 2018), ECF Nos. 1782–84), and Defendants cannot use a motion for reconsideration to advance "new facts . . . not previously presented to th[is] Court."[3] *In re Facebook*, 43 F. Supp. 3d at 373. Thus, neither of Defendants' arguments concerning their SIPC claims warrants reconsideration.

Defendants also contend that "it was clear error to deny Defendants' Motion to Withdraw the Reference based primarily on the fact that these cases involve a 'core' proceeding, and secondarily on the fact that [Bankruptcy Court] Judge Bernstein has familiarity with them." (Mem. at 19.) Defendants' assertion that this Court "relied upon the fact that these are core proceedings to hold that the reference should [not] be withdrawn" is incorrect. (*Id.*) While the Order noted that the Adversary Proceedings are "core," it also explained that "post-*Stern*, district courts must

---

[3] Because complaints were filed against Defendants in the Adversary Proceedings, Defendants' attempts to withdraw their claims are not effective absent a court order permitting them to do so. *See* Fed. R. Bankr. P. 3006 ("If after a creditor has filed a proof of claim . . . a complaint is filed against that creditor in an adversary proceeding . . . the creditor may not withdraw the claim except on order of the court after a hearing on notice to the trustee . . . .").

further analyze whether the nature of the core proceeding allows the [B]ankruptcy [C]ourt to issue a final judgment." Order at 6 (quoting *In re Madison Bentley Assocs., LLC*, No. 16 Civ. 1083 (GBD), 2016 WL 5793990, at *3 (S.D.N.Y. Sept. 27, 2016)). Here, because Defendants "filed . . . claim[s] and the Trustee is seeking to disallow the claim[s] under § 502(d) based on [Defendants'] receipt of . . . fraudulent transfer[s], [the Bankruptcy] Court can enter a final judgment on the fraudulent transfer claim[s]" in the Adversary Proceedings. (Order at 10–11 (quoting *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 490 B.R. 46, 54 (S.D.N.Y. 2013)).

Defendants further argue that, even if Judge Bernstein's familiarity with the BLMIS Estate's SIPA liquidation may promote "swift resolution of bankruptcy proceedings" and reduce the parties' expenses, such "considerations are insufficient to overcome the clear command of the Seventh Amendment," which entitles them to a jury trial. (Mem. at 20.) However, as explained in the Order, Defendants have no jury trial right, because in filing claims against the BLMIS Estate, they "'invoked th[e] [Bankruptcy] Court's jurisdiction with regard to any matters affecting the disposition of [their] claims,' including the Adversary Proceedings." (Order at 9 (quoting *In re Coated Sales, Inc.*, 119 B.R. 452, 457–58 (Bankr. S.D.N.Y. 1990)). Defendants' arguments regarding their right to a jury trial simply repeat "arguments already briefed, considered and decided" in connection with Defendants' original motions to withdraw the reference and, as such, do not provide a basis for reconsideration.[4] *In re Facebook*, 43 F. Supp. 3d at 373.

---

[4] (*Compare* Mem. at 9–10, *with* Prior Reply at 6 (arguing that the Bankruptcy Court lacks the power to adjudicate Defendants' claims); *compare* Mem. at 14–15, *with* Prior Reply at 7 (arguing that adjudicating Defendants' claims will not "necessarily resolve" the issues in the Adversary Proceedings), *compare* Mem. at 15, *with* Prior Reply at 3 arguing that the Trustee's assertion that Defendant waived their jury trial rights contradicts his position in *Picard v. Katz*, 825 F. Supp. 2d 484 (S.D.N.Y. 2011)); *compare* Mem. at 18, *with* Prior Reply at 13 ("Defendants cannot have forfeited their right to a jury trial in avoidance actions by filing their SIPC claims in the only forum available to them.").

4

### III. LEGAL STANDARDS FOR CERTIFICATION

As an alternative to granting their motion for reconsideration, Defendants request that this Court "certify the issue of Defendants' right to trial by jury to the Second Circuit" for an interlocutory appeal. (Mem. at 4.) Under 28 U.S.C. § 1292(b), a district court may certify an interlocutory appeal if the relevant order: "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Petersen Energia Inversora S.A.U. v. Argentine Republic & YPF S.A.*, 895 F.3d 194, 211–12 (2d Cir. 2018) (quoting 28 U.S.C. § 1292(b)). But "even when the elements of section 1292(b) are satisfied, the district court retains 'unfettered discretion' to deny certification." *Adar Bays, LLC v. Aim Exploration, Inc.*, 310 F. Supp. 3d 454, 456 (S.D.N.Y. 2018) (citation omitted); *see also In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) (noting that § 1292(b)'s "certification procedure should be strictly limited because only 'exceptional circumstances' [will] justify" an interlocutory appeal) (citation omitted) (alteration in original).

### IV. CERTIFICATION IS NOT WARRANTED

Defendants argue that the question of "whether Defendants are entitled to a jury trial" is a controlling question of law, because "it will 'significantly affect the conduct of the action' and will have a widespread impact on the scores of other cases pending in the [B]ankruptcy [C]ourt." (Mem. at 23 (citation omitted).) However, even assuming that this question is "controlling," it is not appropriate for certification, because it is not "stated at a high enough level of abstraction to lift the question out of the . . . facts of a particular case and give it general relevance to other cases in the same area of law." *Shaw v. McDonald*, No. 14 Civ. 5856 (NSR), 2016 WL 8672965, at *2 (S.D.N.Y. Aug. 5, 2016) (citation and additional internal quotation marks omitted).

Nor is Defendants' question one on which there is "substantial ground for difference of opinion." 28 U.S.C. § 1292(b). In the Order, this Court found that "[i]n filing their proofs of claim, Defendants have 'triggered the process of allowance and disallowance of claims'" and, as such, they have waived their right to a jury trial in adversary proceedings "that 'bear[] directly on the allowance of a claim.'" (Order at 9 (quoting *Germain v. Conn. Nat'l Bank*, 988 F.3d 1323, 1329 (2d Cir. 1992)). Defendants do not argue that this Court applied an incorrect legal standard. (*See* Mem. at 13 (recognizing that the "claims allowance process is implicated . . . where an avoidance action 'bears directly on the allowance of a claim'").) Rather, Defendants assert that this Court erred in its application of that standard to their cases, because their "objections were overruled and Defendants' claims were rejected. Hence, these claims do not implicate the claims allowance process." (Mem. at 13.) Such arguments regarding "application of the appropriate law to the relevant facts" do not provide grounds for certification under § 1292(b). *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 536 (S.D.N.Y. 2014) (citation omitted).

Defendants have also failed to demonstrate that certification would "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Defendants argue that the grant of an immediate appeal "will avoid trying each of these cases twice: once before the bankruptcy court and once before a court that has Article III jurisdiction." (Reply at 19.) But that argument is valid "only if this Court's decision is reversed; if the Second Circuit affirms th[is] Court's decision, or rather yet, declines to hear [Defendants'] appeal, the result will be that this action will have been unnecessarily delayed by the interlocutory appeal."[5] *Murray v. UBS Sec., LLC*, No. 12

---

[5] Defendants' argument that the grant of an interlocutory appeal would also "preserve judicial resources by providing certainty as to how these cases should proceed, given the fact that there are over 100 similar cases pending in the [B]ankruptcy [C]ourt in which defendants have demanded a jury trial" is similarly flawed. (Reply at 19.) If the Order is affirmed, the resolution of those cases will also have been "unnecessarily delayed pending the outcome of the appeal." *Murray*, 2014 WL 1316472, at *7.

Civ. 5914 (KPF), 2014 WL 1316472, at *7 (S.D.N.Y. Apr. 1, 2014). Moreover, even if the Second Circuit rules in Defendants' favor, it may find that "considerations of and uniformity counsel in favor of permitting the Bankruptcy Court to issue proposed findings of fact and conclusions of law" prior to trial. *Sec. Investor Prot. Corp.*, 490 B.R. at 58. Thus, it is not clear that the grant of the interlocutory appeal would result in "any appreciable saving of time." *Isra Fruit Ltd. v. Agrexco Agric. Exp. Co.*, 804 F.2d 24, 26 (2d Cir. 1986).

Because Defendants have failed to show the "exceptional circumstances" required for an interlocutory appeal, § 1292(b) certification is not warranted. *In re Flor*, 79 F.3d at 284.

\

## V. CONCLUSION

Defendants' motions for reconsideration of the Order and, in the alternative, certification of an interlocutory appeal pursuant to § 1292(b), are DENIED. (ECF No. 20; *Picard v. Nelson*, No. 17 Civ. 5162 (GBD) (S.D.N.Y. May 29, 2018), ECF No. 17; *Picard v. Nelson*, No. 17 Civ. 5163 (GBD) (S.D.N.Y. May 29, 2018), ECF No. 18.) The Clerk of Court is directed to close the motions accordingly.

Dated: New York, New York
       September 11, 2018

SO ORDERED.

*George B Daniels*
GEORGE B. DANIELS
United States District Judge

7